# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CORNERBANK, N.A., Conservator )
for Stephanie McGee, )
                                       )
           **Plaintiff,**     )
                                       )
v. )   Case No. 08-1189-MLB
                                       )
**NEW YORK LIFE AND ANNUITY** )
**CORPORATION,** )
                                       )
           **Defendant.**    )
                                         )

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to amend its complaint to add Alan McGee and Teresa McGee as defendants. (Doc. 12). Defendant opposes the motion. For the reasons set forth below, the motion shall be DENIED.

### **Background**

This is an action to collect an annuity payment. Cornerbank, a national banking association with its principal place of business in Winfield, Kansas, is the conservator for Stephanie McGee, a minor.[1] Highly summarized, Cornerbank alleges that an annuity was

---

[1] First National Bank of Winfield changed its name to CornerBank in November 1998.

purchased from New York Life Insurance and Annuity Corporation (New York Life) as part of a structured settlement.[2] The settlement included provisions for periodic lump sum payments, including a payment of $75,000 due on or before April 27, 2007. Cornerbank, as conservator, instructed New York Life to make the payment payable to the conservatorship. However, New York Life issued a check payable to Stephanie McGee (still a minor) and forwarded the check to Stephanie's address in Wichita, Kansas where she resides with her parents. The check has been endorsed and the funds spent. Cornerbank sues, arguing that New York Life's failure to pay the conservatorship is a violation of the annuity agreement.

## Motion to Amend

As noted above, Cornerbank moves to amend its complaint to add Alan and Teresa McGee, Stephanie's parents, as defendants. Cornerbank contends that Stephanie's parents "exerted dominion and control over the funds payable to the conservatorship without proper authorization and their actions resulted in a loss to the conservatorship" of $75,000. New York Life opposes the amendment, arguing that "joining the McGees will destroy diversity jurisdiction and is not permitted by 28 U.S.C. § 1367." The parties agree that the McGees and Cornerbank are citizens of Kansas for purposes of diversity analysis.

Subject matter jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332 because Cornerbank (Kansas) and New York Life (Delaware) are citizens of

---

[2] The "structured settlement" was the result of personal injury lawsuits filed on behalf of Stephanie McGee.

different states.[3]  28 U.S.C. § 1367 provides in relevant part:

> **Supplemental jurisdiction**
>
> (a) *Except as provided in subsections (b)* and (c) . . . , in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, *the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24* of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 or such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, *when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.*  (Emphasis added).

Cornerbank argues that § 1367 is not applicable because:

> Plaintiff never mentions Rule 20 in its motion to amend, and clearly based its motion exclusively on Rule 15(a).  Therefore, defendant's reliance on 28 U.S.C. § 1367(b), which prevents claims by plaintiffs against persons made parties under Rule 20, is misplaced.

Plaintiff's Reply, Doc. 15, page 2.  However, Cornerbank is mistaken.  Its motion to amend was expressly brought under Rules 15 *and 20*:

---

[3] Cornerbank filed this case in state court and New York Life removed the case to federal court based on diversity of citizenship and the fact that the amount in controversy exceeds $75,000.  The amount in controversy is satisfied because the annuity payment is $75,000 and Cornerbank also seeks statutory attorney fees.

> the Plaintiff, Cornerbank, N.A., as conservator for Stephanie
> McGee, . . . and ***pursuant to Federal Rules of Civil Procedures
> 15(a) and 20(a)*** and Kansas District Court Rules 7.1 and 15.1
> hereby moves this court to allow it leave to amend its Complaint.

<u>Plaintiff's Motion to Amend</u>, Doc. 12, page 1 (emphasis added). Accordingly, Cornerbank's contention that it never asserted Rule 20 as the basis for joining the McGees is rejected.

Cornerbank also asserts the novel argument that § 1367 is not applicable because "plaintiff did not invoke federal jurisdiction" and the matter is in federal court because New York Life removed the case from state court based on diversity jurisdiction. However, it is not clear how the fact that defendant removed the case to federal court now permits plaintiff to add a party that destroys diversity jurisdiction in violation of 28 U.S.C. § 1367(b).[4] "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." <u>Phillips v. Calhoun</u>, 956 F. 2d 949, 953-954 (10th Cir. 1992)(quoting <u>Pelfresne v. Village of Williams Bay</u>, 917 F. 2d 1017, 1023 (7th Cir. 1990). Because the proposed addition of Alan and Teresa McGee would violate 28 U.S.C. § 1367(b), the motion to amend shall be denied.[5]

---

[4] Cornerbank argues that New York Life's reliance on 28 U.S.C. § 1367 is "further misplaced by a reverse interpretation of that statute." The argument that plaintiff "wins" by "reverse interpretation" of the statute is not entirely clear. The court "interprets" the statute as it is written.

[5] The court's ruling is limited to the arguments raised by the parties.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 12)** is **DENIED.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 18th day of November 2008.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge